IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VIRGINIA DUKES, | : | |
| Plaintiff, | : | |
| v. | : | CA 2:11-00589-WS-C |
| MICHAEL J. ASTRUE, | | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Commissioner's Unopposed Motion and Memorandum for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to the Commissioner (Doc. 16), filed February 9, 2012.[1]

In his motion, the Commissioner represents that it is his belief that this case should be remanded for further administrative proceedings (*id.* at 1):

> The Social Security Administration's Appeals Council has further reviewed the final decision of the Commissioner and has determined that remand is appropriate. The Appeals Council has concluded that the additional evidence submitted to the Appeals Council with Plaintiff's appeal warrants remand. If the Court grants this motion, the Appeals Council will direct the ALJ to request additional testing, contact Donald Blanton, Ph.D., and, if necessary, obtain medical expert evidence to address whether Plaintiff's impairments meet the requirements of section 12.05C of the Listing of Impairments.

(*Id.* at 1-2.)[2]

---

[1] The Commissioner represents that counsel for the plaintiff has no objections to the relief requested in the motion. (*Id.* at 2.)

[2] On January 27, 2012, the undersigned granted the plaintiff's motion to supplement the record before this Court with documents the plaintiff's counsel provided to the Appeals Council in July and August, 2011. (*See* Doc. 14.) A supplemental transcript (Doc. 15) was filed simultaneously with this motion. Further, as the undersigned noted in the January 27, 2012 Order, the plaintiff's characterization of Dr. Blanton's report indicates that the plaintiff's

In light of the foregoing, and the plain language of sentence four of 42 U.S.C. § 405(g) empowering this Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing[,]" it is **RECOMMENDED** that the motion be **GRANTED**, and that the decision of the Commissioner of Social Security denying Plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision.  The remand pursuant to sentence four of § 405(g) makes Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this matter.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 9th day of February, 2012.

                                                  s/WILLIAM E. CASSADY
                                                **UNITED STATES MAGISTRATE JUDGE**

---

"mental retardation was a lifelong condition and was accompanied by deficits in adaptive functioning manifested prior to age 22 in the areas of communication, self care, work, health safety, and functional academic skills."  (Doc. 13 at 1.)   As such, the Appeals Council's rejection of his report—for its stated reason that the ALJ "decided [the plaintiff's] case through March 28, 2011[, and t]his new information is about a later time" (Doc. 12 at (R. at 2))—appears to be in error.

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in S.D. Ala. L.R. 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[3]      Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED. R. CIV. P. 72(b)(2).