IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VIRGINIA DUKES, | : |
|    Plaintiff, | : |
| v. | :    CA 2:11-00589-WS-C |
| MICHAEL J. ASTRUE, | |
| Commissioner of Social Security, | : |
|    Defendant. | : |

## REPORT AND RECOMMENDATION

This matter is before the Court on the plaintiff's unopposed application for attorney fees under the Equal Access to Justice Act (the "EAJA") (Doc. 20), filed April 6, 2012, [1] and has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Upon consideration of all pertinent materials contained in this file, it is **RECOMMENDED** that the plaintiff should receive a reasonable attorney's fee in the amount of $1,971.11 under the EAJA for legal services rendered by her attorney in this Court.  *See Astrue v. Ratliff*, ___ U.S. ____, 130 S. Ct. 2521, 2526 & 2526-27 (2010) ("Ratliff [] asserts that subsection (d)(1)(A)'s use of the verb 'award' renders § 2412(d) fees payable directly to a prevailing party's attorney[.] . . . We disagree. . . . The plain meaning of the word 'award' in subsection (d)(1)(A) is [] that the court shall 'give or assign by . . . judicial determination' to the 'prevailing party' (here, Ratliff's client Ree) attorney's fees in the amount sought and substantiated under, inter alia, subsection

---

[1] On the same day the motion was filed the undersigned ordered the Commissioner to file his response no later than April 20, 2012.  (*See* Doc. 21.)  No response in opposition was filed.

(d)(1)(B). . . . The fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney. For the reasons we have explained, the statute's plain text does the opposite—it 'awards' the fees to the litigant[.]"); *see also Brown v. Astrue*, 271 Fed. App'x 741, 743 (10th Cir. Mar. 27, 2008) ("The district court correctly held that Mr. Brown's assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party, and the fees belong to him. Thus, the district court correctly declined to award the fees directly to counsel."). The Court, accordingly, disregards the Assignment (Doc. 20-4) appended to the plaintiff's motion.[2]

---

[2] This Court has noted previously that where counsel for the plaintiff "requests that any award of attorney's fees be paid [directly to counsel without providing] supporting documentation, such as a signed fee agreement or an assignment of the fee, . . . the award should be paid to Plaintiff, not to Plaintiff's attorney." *Evans v. Astrue*, Civil Action No. 10–0302–M, 2011 WL 1753258, at *1 n.1 (S.D. Ala. May 3, 2011) (citing *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509 (11th Cir. 1988) ("It is readily apparent that the party eligible to recover attorneys' fees under the EAJA as part of its litigation expenses is the prevailing party."); *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir.) ("We conclude the EAJA means what it says: attorney's fees are awarded to the 'prevailing party,' not to the prevailing party's attorney."), *cert. denied*, 555 U.S. 1072 (2008)).

Where, as here, the Court is provided an executed assignment (Doc. 20-4), the United States District Court for the Middle District of Florida has recognized that

> *Ratliff* acknowledges that historically the actual payment of EAJA fees is often directed to the attorney for the prevailing party, and sets forth that such practice may continue where the prevailing plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney. [130 S. Ct. at] 2528–29. Neither *Panola* nor *Reeves* squarely addresses the payment of EAJA fees directly to counsel when the prevailing plaintiff has assigned his or her interest to the attorney. In the past, this Court has followed the common practice of other courts in our district and directed payment of EAJA fees to counsel when

Discussion

On March 7, 2012 this Court entered a Rule 58 judgment reversing and remanding this cause to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. (Doc. 19; *see also* Doc. 17, report and recommendation; Doc. 18, order adopting report and recommendation.) In the motion for an award of attorney's fees under the EAJA (Doc. 20), filed on April 6, 2012, the plaintiff requests attorney's fees in the amount of $1,971.11 to compensate her attorney for the time (10.95 hours) spent representing her before this Court as of the date of the filing of the fee application (*see id.* at 1). The Commissioner failed to file a response in opposition.

---

> an assignment of benefits was included with the counsel's petition. Such practice, however, admittedly was permitted without the benefit of knowing whether or not the plaintiff as the prevailing party was responsible for debts owed to the government, and thus subject to offset. In light of *Ratliff*, this Court finds it a better practice to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award. The Court leaves it to the discretion of the Commissioner to determine whether to honor Plaintiff's assignment of EAJA fees.

*Varner v. Astrue*, No. 3:09–cv–1026–J–TEM, 2011 WL 2682131, at *2 (M.D. Fla. July 11, 2011); *see Dacosta-Lima v. Astrue*, No. 3:11–cv–777–J–32TEM, 2012 WL 177398, at *3 (M.D. Fla. Jan. 23, 2012) (same); *Morris v. Astrue*, No. 2:09–CV–595–FtM–36SPC, 2012 WL 260041, at *2 (M.D. Fla. Jan. 30, 2012) (same); *see also Peterson v. Commissioner of Soc. Sec.*, No. 6:10–CV–1817–ORL–31, 2012 WL 715251, at *1 (M.D. Fla. Mar. 6, 2012) (order adopting recommendation of the Magistrate Judge that, where the plaintiff filed an assignment of the EAJA fee to her attorney, the fee—awarded to the plaintiff—"may be paid directly to [the plaintiff's] counsel, after appropriate set-off, if any").

This Court agrees. Even where the prevailing plaintiff assigns the entire amount of his or her fees awarded pursuant to the EAJA to his or her counsel and files that executed assignment with the Court, the "better practice [remains] to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." *Varner*, 2011 WL 2682131, at *2.

The Equal Access to Justice Act requires a district court to "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  It is imminently clear in this case that plaintiff is a prevailing party under the EAJA,[3] and that the position of the United States in this case was not substantially justified, the defendant having made no arguments to the contrary.

The EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).  The thirty-day clock will not begin to run in this case until the Court's March 7, 2012 Order—adopting the undersigned's recommendation that the Commissioner's decision be reversed and remanded—becomes final, which will occur at the end of the sixty (60) days for appeal provided under Rule 4(a)(1)(B)(iii) of the Federal Rules of Appellate Procedure, *see Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), that is, May 6, 2012.  Accordingly, the motion filed in this case, bearing a date of April 6, 2012, although premature, is nevertheless timely.  *See Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990) ("Even a premature [EAJA] motion is considered timely.") (citations omitted); *see*

---

[3] "[A] party who wins a sentence-four remand order is a prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). (*See* Doc. 19, judgment.)

*also Hayward v. Astrue*, No. CA 09-0453-C, 2010 WL 682507, at *1 (S.D. Ala. Feb. 22, 2010) (same).

Like 42 U.S.C. § 1988, the EAJA is a fee-shifting statute. And the Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985) (EAJA) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (§ 1988)); *see Jean v. Nelson*, 863 F.2d 759, 772-773 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), *aff'd sub nom. Commissioner, I.N.S. v. Jean*, 496 U.S. 154 (1990).

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's *adversary* pursuant to statutory authority."

*Hensley*, 461 U.S. at 433-34 (citations omitted); *see also id.* at 437 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate

5

hours expended and hourly rates."); *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.' Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."); *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) ("Excluding excessive or otherwise unnecessary hours under the rubric of 'billing judgment' means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis.").

In *Norman*, the Eleventh Circuit indicated that "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done."   836 F.2d at 1306. Because the Commissioner interposes no objection to the fee petition, the Court finds that the plaintiff's counsel reasonably spent ten and ninety-five/hundredths (10.95) hours on legal tasks in this case.

With respect to a determination of the hourly rate to apply in a given EAJA case, for services performed by attorneys, the express language of the Act, as amended by the Contract with America Advancement Act of 1996, provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Cum. Supp. 1997). In *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than $[125] per hour, is to determine whether the court should adjust the hourly fee upward from $[125] to take into account an increase in the cost of living, or a special factor.

*Id*. at 1033-1034 (citations and footnote omitted).

For years, the prevailing market rate in the Southern District of Alabama has been $125.00 per hour. *See, e.g., Willits v. Massanari*, CA 00-0530-RV-C; *Boggs v. Massanari*, 00-0408-P-C; *Boone v. Apfel*, CA 99-0965-CB-L. This Court has adjusted that rate to account for the increase in the cost of living. *Lucy v. Barnhart*, CA 06-0147-C, Doc. 32. More specifically, the Court has adopted the following formula to be used in calculating all future awards of attorney's fees under the EAJA: "'($125/hour) x (CPI-U Annual

7

Average "All Items Index," South Urban, for month and year of temporal midpoint )/ 152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.'"   (*Id*. at 11 (quoting Doc. 31 at 2)).

The temporal midpoint in this case was December, 2011, the complaint having been prepared and filed on October 10, 2011 (Doc. 1) and the Court having entered its order and judgment on March 7, 2012 (Docs. 18 & 19).  The CPI-U for December, 2011 was 219.469.  (*See* Doc. 20-3.)  Plugging the relevant numbers into the foregoing formula renders the following equation: ($125 x 219.469) / 152.4.  Completion of this equation renders an hourly rate of **$180.01**.  In consideration of the foregoing, the plaintiff should be awarded an attorney's fee in the amount of **$1,971.11** under the EAJA for the 10.95 hours her attorney spent performing work traditionally performed by attorneys in Social Security cases.

## Conclusion

The undersigned, therefore, **RECOMMENDS** that the plaintiff be awarded attorney's fees in the amount of **$1,971.11** under the Equal Access to Justice Act.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 30th day of April, 2012.

                                        s/WILLIAM E. CASSADY
                                        **UNITED STATES MAGISTRATE JUDGE**


## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l. *Objection*. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in S.D. Ala. L.R. 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded)*. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED. R. CIV. P. 72(b)(2).

9

judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.